UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANNA PLAY PRODUCTS, INC.
d/b/a AMAZON STOREFRONT
CALMEROOS,

    Plaintiff,

v.

CASE NO.: 8:20-cv-00443-CEH-JSS

ROBERT EMERY, JASON BAKKE,
SNUGGLE PET PRODUCTS, LLC. d/b/a
SMARTPETLOVE, and DOE 1,

    Defendants.
_____/

## DEFENDANT JASON BAKKE'S DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Rules 8, 9, and 12(b)(2), Federal Rules of Civil Procedure, and Local Rule 3.01, Defendant, Jason Bakke ("Mr. Bakke"), moves this Court on the following grounds to dismiss the claims against him contained in the First Amended Complaint [Dkt. #23] of Plaintiff, Wanna Play Products, Inc.:

1. Plaintiff's First Amended Complaint should be dismissed as to Mr. Bakke because this Court lacks personal jurisdiction over him. As argued with specificity in the memorandum of law below, Mr. Bakke resides in Oregon, has no ownership interest in the corporate Defendant, and none of the purported acts attributed to Mr. Bakke took place in Florida.

2. The First Amended Complaint should also be dismissed for a variety of procedural and substantive reasons even if this Court deems the assertion of personal jurisdiction over Mr. Bakke to be proper. Those reasons are set forth with particularity in the Dispositive Motion to Dismiss filed by co-defendants, Robert Emery ("Mr. Emery") and Snuggle Pet Products, LLC

("Snuggle Pet"), which Mr. Bakke adopts and incorporates by reference.

3. Defendant, Mr. Bakke, is entitled to an award of their reasonable attorneys' fees and costs incurred by him in defending against the First Amended Complaint because this is an "exceptional case" within the meaning of 35 U.S.C. §285, and pursuant to Section 501.2105, Florida Statutes.

WHEREFORE, Defendant, Mr. Bakke, respectfully requests that this Court dismiss with prejudice the claims in Plaintiff's First Amended Complaint against him, award to Mr. Bakke and against Plaintiff, the reasonable attorneys' fees and costs incurred by him in defending against the Complaint, and grant to him all other relief that this Court deems just.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01, Defendant, Mr. Bakke, submits this, his memorandum of law in support of his Dispositive Motion to Dismiss.

### I. INTRODUCTION

The 346-paragraph, 95-page, shotgun First Amended Complaint of Plaintiff, Wanna Play Products Inc., includes individual Defendant Jason Bakke even though Mr. Bakke has no connection with this Judicial District. As discussed below, Mr. Bakke resides in Oregon, has no ownership interest in the corporate Defendant and none of the purported acts attributed to Mr. Bakke took place in Florida. As such, this Court should dismiss Mr. Bakke for lack of personal jurisdiction.

Even if this Court deems the assertion of personal jurisdiction over Mr. Bakke to be proper, the claims of the First Amended Complaint deemed to be against him should be dismissed for the reasons set forth in the Dispositive Motion to Dismiss filed by co-defendants, Robert Emery ("Mr. Emery") and Snuggle Pet Products, LLC ("Snuggle Pet"), which Mr. Bakke adopts and

incorporates by reference.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER JASON BAKKE

### A. Rule12(b)(2) Requires a Connection To the Middle District of Florida

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court accepts as true all allegations in the complaint to determine whether the plaintiff has met his burden of establishing a prima facie case of personal jurisdiction. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). The Court engages in a two-part analysis to determine if it may exercise jurisdiction over a non-resident defendant. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (*citing Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)); *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed.Appx. 623, 626 (11th Cir. 2010) (*citing United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

First, the Court determines whether the Defendant's alleged activities satisfy Florida's long-arm statute. *See Mosseri*, 736 F.3d at 1350. Second, the Court determines whether the exercise of personal jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Id.* at 1350–51. Separately, if a plaintiff's claim derives from a federal statute, then the Court may exercise personal jurisdiction over the defendant as to that claim consistent with the limits of both the statute and the due process requirements of the Fifth Amendment. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997).

In a patent litigation, "[a] declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008). Accordingly, in this context the minimum contacts prong requires some enforcement

activity in the forum state by the patentee. *Id.* For example, we have found minimum contacts where the patentee sent infringement notice letters to an entity doing business in the forum state and traveled there to discuss the alleged infringement, *see Xilinx,* 848 F.3d at 1354, or where the patentee entered into an exclusive licensing agreement with an entity in the forum state that would permit the licensee to litigate infringement claims against third party infringers of the licensed patents, see *Breckenridge Pharm., Inc. v. Metabolite Labs., In*c., 444 F.3d 1356, 1366 (Fed. Cir. 2006) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995) ); *Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc*., 909 F.3d 1134, 1138 (Fed. Cir. 2018)

### B. Defendant Bakke Lacks Sufficient Contacts with this District

Mr. Bakke lacks minimum contacts with Florida or this District sufficient to warrant the exercise of personal jurisdiction over him. Mr. Bakke resides in Oregon, not Florida. (Ex. A, Bakke Decl. ¶3) Mr. Bakke does not own any land or other assets in Florida. (*Id.,* ¶4) Although Mr. Bakke is an employee of Defendant Snuggle Pet, he has no ownership interest in the company. (*Id.*, ¶¶1, 2) Mr. Bakke likewise does not have any ownership interest in Snuggle Pet's successor, Encompass Pet Group LLC[1]. (*Id.*, ¶2) In addition, the alleged conduct specifically alleged against Mr. Bakke occurred in Oregon, not in Florida. (*Id.*, ¶5)

The entire purported basis for personal jurisdiction alleged in the First Amended Complaint is contained within paragraphs 55, 56, 58 and 59. Those paragraphs are simply conclusory allegations lacking supporting facts. Specifically, Plaintiff alleges "Defendants Emery, Bakke, and DOE 1 have conspired with each other to carry out tortious acts this District." *See* Complaint, ¶56 (emphasis added). Yet, Plaintiff never identifies what allegedly tortious acts occurred in this

---

[1] On January 15, 2020, prior to the filing date of this action, Defendant Snuggle Pet Products LLC was merged into Encompass Pet Group, LLC.

4

District or specifically how Mr. Bakke was involved in such acts[2].

As discussed above, Mr. Bakke is based in Oregon, not Florida. (Ex. A, ¶3) Specific jurisdiction requires that Plaintiff demonstrate two elements are met. First, Plaintiff must show that Defendant purposefully directed its activities at residents of Florida. Second, Plaintiff must show that the alleged injuries arose out of or are related to those alleged activities purposefully directed at Florida residents. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985).

Plaintiff's merely conclusory allegations fail to establish the first element -- that Mr. Bakke purposefully directed his activities at residents of Florida. Indeed, even assuming the factual allegations are correct, which they are not, the conduct complained of was directed against Plaintiff, who is located in Canada. Moreover, Plaintiff specifically alleges that "Defendants have also deceptively held itself [sic.] out to **Georgia** consumers and competitors . . . ." *See* First Amended Complaint, ¶319 (emphasis added).[3] There simply is no alleged factual connection to Florida. For this reason, the exercise of personal jurisdiction over Mr. Bakke is improper.

Moreover, when considering whether the Court has personal jurisdiction, "separate determinations must be made as to each defendant." *Home Design Services Inc. v. David Weekley Homes, LLC*, 2007 WL 1080001, *1 (M.D. Fla. April 9, 2007). As discussed in the concurrently filed Motion to Dismiss by Bakke's co-Defendants, the vast majority (over 225 times) of the allegations in Plaintiff's First Amended Complaint improperly lumps "the Defendants" together

---

[2] As discussed in Sect. V of Dispositive Motion to Dismiss filed by co-defendants, Robert Emery and Snuggle Pet Products, LLC, Plaintiff's conspiracy does not comply with Rule 8 and should be dismissed.

[3] This same defect was pointed out in Defendant Bakke's Dispositive Motion to Dismiss [Dkt. #20], which demonstrates that Plaintiff filed its First Amended Complaint without even considering the contents of Defendant Bakke's earlier filed Motion to Dismiss.

5

as if they are a single entity. Plaintiff's improper collective allegations include paragraph 58 of the First Amended Complaint, which contains personal jurisdiction allegations, but only references "Defendants" collectively.

In sum, the allegations in the First Amended Complaint do not provide the specificity necessary to establish personal jurisdiction. *See Einmo v. Aecom Government Services, Inc.*, 2007 WL 2409816, *6 (M.D. Fla. Aug. 21, 2007)(court found no personal jurisdiction where it could not determine from the Complaint what specific misconduct plaintiff attributed to a particular nonresident defendant). For this additional reason, the exercise of personal jurisdiction over Mr. Bakke is improper.

### III. <u>CONCLUSION</u>

For the above-mentioned reasons, individual Defendant Bakke should be dismissed from this case with prejudice.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2020, a true and accurate copy of the foregoing was electronically filed with the Court by using CM/ECF system, which will send a notice of electronic filing to: **James J. Claus, Esq.** (james.claus@onebox.com), 4516 NW 37th Terrace, Gainesville, Florida 32605; and **Jeffrey Thomas Breloski, Esq.** (jbreloski@ATLawip.com), ATLAW*IP* LLC, 2065 Compton Way, Johns Creek, Georgia 30022, *Counsel for Wanna Play Products, Inc. d/b/a Amazon Storefront Calmeroos*.

                                              */s/ Richard E. Fee*
                                              Richard E. Fee
                                              Local Counsel
                                              Florida Bar No. 813680
                                              FEE & JEFFRIES, P.A.
                                              1227 N. Franklin Street
                                              Tampa, Florida 33602
                                              (813) 229-8008
                                              (813) 229-0046 (Facsimile)
                                              rfee@feejeffries.com
                                              bszabo@feejeffries.com
                                              *and*
                                              Jeffrey M. Drake
                                              Lead Counsel
                                              (*Pro Hac Vice*)
                                              MILLER CANFIELD
                                              225 W. Washington, Suite 2600
                                              Chicago, Illinois 60606
                                              (312) 460-4200
                                              (312) 460-4201 (Facsimile)
                                              drake@millercanfield.com

                                              ***Counsel for Defendants,***
                                              ***Robert Emery, Jason Bakke, and Snuggle***
                                              ***Pet Products, LLC d/b/a SmartPetLove***