**WANNA PLAY PRODUCTS, INC.**
**d/b/a AMAZON STOREFRONT**
**CALMEROOS,**

      Plaintiff,

                                **CASE NO.: 8:20-cv-00443-CEH-JSS**

v.

**ROBERT EMERY, JASON BAKKE,**
**SNUGGLE PET PRODUCTS, LLC. d/b/a**
**SMARTPETLOVE, and DOE 1,**

      Defendants.

_____/

## <u>DEFENDANTS', ROBERT EMERY AND SNUGGLE PET PRODUCTS, LLC, DISPOSITIVE MOTION TO DISMISS FIRST AMENDED COMPLAINT, AND SUPPORTING MEMORANDUM OF LAW</u>

Pursuant to Rules 8, 9, 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, and Local Rule 3.01, Defendants, Robert Emery ("Mr. Emery") and Snuggle Pet Products, LLC ("Snuggle Pet"), move this Court on the following grounds to dismiss the claims against them contained in the First Amended Complaint [Dkt. #23] of Plaintiff, Wanna Play Products, Inc.:

1.     Plaintiff's First Amended Complaint, which was filed in response to Defendants' Motion to Dismiss [Dkt. #19], should be dismissed for a variety of procedural and substantive reasons.

2.     First, the First Amended Complaint, which spans 346 paragraphs and 14-counts, is a textbook example of an impermissible shotgun pleading. It is replete with conclusory, vague, and immaterial allegations not obviously connected to any particular

cause of action. Moreover, the allegations in the First Amended Complaint continue to improperly lump all Defendants together.

3.      The First Amended Complaint should also be dismissed because the vast majority of the First Amended Complaint is directed to a patent infringement report allegedly submitted to Amazon based on a Chinese patent owned by Snuggle Pet. This Court should decline jurisdiction over all of Plaintiffs' claims relating to this foreign patent.

4.      Rule 9(b), Federal Rules of Civil Procedure, also requires dismissal of Plaintiff's claims that include allegations of "fraudulent complaints" because Plaintiff has failed to plead such alleged fraud with particularity.

5.      Finally, many of the claims in Plaintiff's First Amended Complaint fail to state causes of action.  The declaratory relief counts in Plaintiff's First Amended Complaint relate to a patent that has never been asserted against Plaintiff.  Other counts simply fail to allege the essential elements of the claims purportedly asserted.

6.      The detailed bases for which the First Amended Complaint should be dismissed are set forth in the Memorandum of law set forth below.

7.      Defendants Mr. Emery and Snuggle Pet are entitled to an award of their reasonable attorneys' fees and costs incurred by them in defending against the First Amended Complaint because this is an "exceptional case" within the meaning of 35 U.S.C. §285, and pursuant to Section 501.2105, Florida Statutes.

WHEREFORE, Defendants Mr. Emery and Snuggle Pet, respectfully request that this Court dismiss with prejudice Plaintiff's First Amended Complaint, award to Mr. Emery and Snuggle Pet and against Plaintiff, the reasonable attorneys' fees and costs incurred by

them in defending against this case, and grant to them all other relief that this Court deems just.

**MEMORANDUM OF LAW**

Pursuant to Local Rule 3.01, Defendants, Mr. Emery and Snuggle Pet, submit this, their memorandum of law in support of their Dispositive Motion to Dismiss.

## I.    **INTRODUCTION**

Plaintiff's First Amended Complaint is again an overly-long, complicated, and incoherent mess and should be dismissed. Plaintiff's 346 paragraph, 14-count First Amended Complaint alleges a laundry list of misdeeds that are neither grounded in logic nor fact. Indeed, as with the original Complaint, more than 40 times Plaintiff makes its allegations "upon information and belief", demonstrating the speculative nature of its First Amended Complaint[1]. Simply put, the First Amended Complaint is anything but a "short and plain statement of the claim" as required by Rule 8 (a)(2).

On February 26, 2020, Plaintiff filed its original Complaint. As detailed in Defendants' Motion to Dismiss [Dkt. #19], the original Complaint was an impermissible shot-gun pleading, failed to state a claim under Rule 12(b)(6), and sought relief upon which the Court does not have subject matter jurisdiction. In response to Defendants' Motion to Dismiss, Plaintiff filed its First Amended Complaint. Rather than address many of the legal deficiencies identified in Defendants' prior Motion to Dismiss, Plaintiff merely tweaked its original Complaint, dropping three causes of action, adding another and otherwise making

---

[1] Even though Plaintiff <u>dropped</u> three causes of action and added one, the First Amended Complaint has ballooned from 324 to 346 paragraphs and from 87 to 96 pages.

just a few cosmetic changes.

Most of the now 14 counts in the First Amended Complaint relate to a patent infringement report which Defendant, Snuggle Pet, submitted to Amazon. Since the infringement report relates to a Chinese patent owned by Snuggle Pet, this Court should decline jurisdiction over Plaintiff's claims relating to this foreign patent.

Plaintiff's First Amended Complaint suffers from significant additional procedural and substantive defects. Even though there are three separate defendants (one corporation and two individuals), the First Amended Complaint – similar to the original Complaint – does not specify which Defendant or Defendants performed many of the alleged bad acts. Rather, the First Amended Complaint continues to improperly lump all the Defendants together. Nor does Plaintiff's First Amended Complaint allege fraud with the particularity required by Rule 9, Federal Rules of Civil Procedure. Finally, in addition to other defects, over half of the causes of action either do not state a claim on which relief can be granted or over which this Court lacks subject matter jurisdiction.[2]

## II.    FACTUAL BACKGROUND

Purely for purposes of context, Mr. Emery and Snuggle Pet provide a brief factual background.

Defendant, Snuggle Pet, developed a stuffed animal product, Snuggle Puppy, designed to be used with puppies. Snuggle Puppy simulates the sense of security a puppy has when lying on their mother and interacting with its litter-mates. Snuggle Puppy contains a

---

[2] As demonstrated in a concurrently filed motion, this Court lacks personal jurisdiction over Defendant Bakke who resides in Oregon and does not meet the minimum contacts requirement.

removable heart shaped plastic insert that, when activated, mimics the sound and feel of a pulsing heartbeat of the mother. This sound soothes the puppy reducing the anxiety associated with being in a new home.

The Snuggle Puppy product has become more and more popular over the years and is currently one of the best-selling pet products on Amazon. However, its popularity has brought an onslaught of knock-off and copy-cat products. Plaintiff's product is one of those copy-cat products. Shown below are two photos – one of the Snuggle Puppy, the other is Plaintiff's knock-off product. As can be seen in the photo, Plaintiff's product copies the Snuggle Puppy.



**Snuggle Puppy**                    **Plaintiff's Knock-Off**

As alleged in the First Amended Complaint, Plaintiff was previously a distributor of the Snuggle Puppy product for Snuggle Pet. *See* Am. Compl., ¶102. However, due to a new business strategy, Snuggle Pet decided to phase out its third-party sellers, including Plaintiff. Thereafter, Plaintiff copied most every aspect of the Snuggle Puppy and began selling its nearly identical product on the Amazon marketplace. Following the introduction of

Plaintiff's copy-cat product on Amazon, Snuggle Pet submitted an infringement report to Amazon asserting its Chinese patent because Plaintiff's product is manufactured in China. The infringement report led Amazon to remove Plaintiff's product from Amazon's world-wide marketplace.

Plaintiff spins Snuggle Pet's Amazon infringement report into a disjointed now 96-page, 346 paragraph Amended Complaint containing 14 causes of action. Plaintiff's wild story in the First Amended Complaint is just that – a story.

## III.    THE APPLICABLE LEGAL STANDARDS

### A.    Rules 12 and 9 of the Federal Rules of Civil Procedure.

Rule 12(b)(6), Federal Rules of Civil Procedure, provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) also "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009) (extending *Twombly*).

A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to proffer enough facts to state a claim for relief that is "plausible" on its face. *Twombly*, 550 U.S. at 556-61, 570. The "plausibility" standard asks for more than a sheer possibility that a defendant has acted unlawfully and requires the plaintiff to plead *facts* that would make a claim plausible and not just conceivable. *Iqbal*, 556 U.S. at 667-68. Although Rule 12(b)(6) requires the Court to accept factual allegations as true for purposes of a motion to dismiss, the Court need not accept conclusory allegations, unwarranted deductions, or mere legal conclusions. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-94 (11th Cir. 2010);

*Klusmeier,* 469 F. App'x at 720. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. Likewise, if a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted). The facts pled must also "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

      **B.**      **Rule 9(b) of the Federal Rules of Civil Procedure.**

      Rule 9(b), Federal Rules of Civil Procedure, requires that a party must state "with particularity" the circumstances constituting fraud. Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross & Blue Shield of Fl., Inc.*, 116 F.3d 1364, 1370–71 (11th Cir. 1997) (internal quotation marks omitted).

**III.**    **PLAINTIFF'S "SHOTGUN" FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT IS NOT A SHORT AND PLAIN STATEMENT OF THE CLAIMS.**

      Shotgun complaints are "impediment[s] to the judicial system" and should not be tolerated. *Yahav Enters. LLC v. Beach Resorts Suites LLC*, 15-CV-22227-KMM, 2016 WL 111361, at *2 (S.D. Fla. Jan. 11, 2016). In *Weiland v. Palm Beach Cnty Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015), the Eleventh Circuit described four categories of impermissible shotgun complaints. Plaintiff's First Amended Complaint squarely falls into two of the categories. <u>First</u>, it is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

*Weiland*, 792 F.3d at 1322. <u>Second,</u> it commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. Dismissal of a shotgun complaint is necessary because it "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. <u>Given that Plaintiff has already amended its complaint once in response to Defendants' Motion to Dismiss, the Court should dismiss the </u>First <u>Amended Complaint with prejudice.</u> *Yahav Enters*., 2016 WL 111361, at *4 (dismissing with prejudice shotgun amended complaint filed in response to motion to dismiss).

### A. The 96-Page First Amended Complaint Is Clogged with Irrelevant Allegations

The First Amended Complaint is still replete with conclusory, vague, and immaterial allegations not even remotely connected to any of the multitudinous causes of action. For example, the First Complaint: (1) recites allegations of copyright infringement even though there is no claim or count for copyright infringement (*see* Am. Compl. at ¶26); (2) recites purported facts relating to 15 U.S.C. §1125(a) of the Lanham Act even though there is no claim for false designation of origin under §1125(a) (*see Id.*, ¶201); (3) recites purported facts relating to Canadian taxes, which are unconnected with this action (*see Id*., ¶20); and (4) contains links to online articles having nothing to do with the causes of action in this case (*see Id.*, ¶116). Moreover and most egregious, even though Plaintiff dropped its meritless counts relating to expired patents never owned by any of the Defendants, there are still numerous paragraphs directed to the expired patents. (*see Id*.,¶¶145-151, 338-345) The

factual allegations are repetitive, disorganized and, as a whole, barely, if at all, comprehensible. As such, the First Amended Complaint should be dismissed as an impermissible shotgun pleading. *See Yahav Enters*., 2016 WL 111361, at *3 (dismissing shotgun complaint with prejudice).

### B. <u>Plaintiff Continues to Improperly Lump Together All Defendants</u>

The vast majority of allegations within each cause of action still refers merely to "Defendants" lumped together. Indeed, the first prayer for relief seeks this Court to "enter judgment in favor of Calmeroos and <u>against Defendants for **all** counts</u>." (Am. Cmplt. p.93) (emphasis added) **Incredibly, the First Amended Complaint improperly lumps "Defendants" together <u>over 225 times</u>.** Such indefinite pleading further impedes each Defendants' ability to discern what Plaintiff contends was each Defendant's involvement in each cause of action. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."). For these reasons, the Plaintiffs' First Amended Complaint plainly runs afoul of Rule 8 and Rule 9, and should be dismissed[3]. *See Lampkin-Asam v. Volusia Cnty Sch. Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (affirming dismissal of complaint that

---

[3] For example, Counts II-III of the First Amended Complaint relate to U.S. Patent No. 10,314,292 which, on its face is owned by Snuggle Pet Products, LLC not the individual Defendants. (Am. Compl. Ex. 13) Yet the First Amended Complaint continues to lump all of the Defendants together (¶¶252, 257) even though the two individual Defendants cannot assert a patent they do not own. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 2007).

was "confusing, incoherent, and clogged with seemingly irrelevant factual allegations"); *Travelers Companies Inc. v. Carrillo*, No. 3:13-CV-267-J-25PDB, 2014 WL 12868913, at *5 (M.D. Fla. Sept. 30, 2014)("Allegations that do not allege each defendant's conduct but rather groups them together generally fail to comply with Fed. R. Civ. P. 8").

Plaintiff's First Amended Complaint fails to provide adequate notice and the grounds upon which each claim rests. Plaintiff's lumping together of the Defendants is one of the four types of shot gun complaints the Eleventh Circuit has stated is impermissible. *Weiland*, 792 F.3d at 1322. It cannot be disputed that the First Amended Complaint is replete with accusations against Defendants as a group (over 225 times) rather than against each individual Defendant. Plaintiff failed to address its original shotgun Complaint when it filed its First Amended Complaint. Thus, the First Amended Complaint should be dismissed with prejudice.

## IV.   COUNTS I-III: JURISDICTION OVER U.S. PATENT NO. 10,314,292 IS IMPROPER UNDER THE DECLARATORY JUDGMENT ACT

The Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), only if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (internal quotation marks, footnote, and citation omitted). However, "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1355 (Fed. Cir. 2013)

The question in this case is not whether Plaintiff had a subjective fear of suit by Snuggle Pet, but whether Plaintiff has demonstrated a substantial risk that the harm will occur, which may prompt the Plaintiff to reasonably incur costs to mitigate or avoid that harm. *Id.*

**A.**      **<u>No Actual Controversy Exists Between Plaintiff and Defendant, Snuggle Pet.</u>**

Counts I-III seek declarations of non-infringement and invalidity relating to U.S. Patent No. 10,314,292 ("'292 Patent"), which is owned by Defendant, Snuggle Pet.[4] The '292 Patent is directed to a pet calming and soothing system which contains a speaker that generates rhythmic soothing sounds simulating the actual **<u>breathing</u>** of an animal's mother. *See* First Amended Complaint, Ex. 13, col.2, ll. 15-25. Each claim of the '292 Patent requires "a sound generator" which simulates actual animal **<u>breathing</u>**. *See Id.*, cols. 5-7. <u>The '292 Patent, however, has nothing to do with simulating a *heartbeat* – the technology at issue in the Snuggle Puppy and Calmeroos products.</u> It is undisputed that the current Calmeroos product on the marketplace does **<u>not</u>** have a "speaker element" which simulates the noise of an animal **<u>breathing</u>** as required by the '292 Patent.

Because the '292 Patent requires a "speaker element" which simulates the noise of an animal breathing and the Plaintiff's current product does not contain this element, Snuggle Pet has never asserted the '292 Patent against Plaintiff. The only factual support for Plaintiff's purported apprehension is the unsupported allegation in paragraphs 45-47 of the

---

[4] On January 15, 2020, prior to the filing date of this action, Defendant Snuggle Pet Products LLC was merged into Encompass Pet Group, LLC. Encompass Pet Group is currently in the process of recording the certificate of merger with the Patent Office.

First Amended Complaint that "Mr. Maki [counsel for Defendants] asserted the '292 Patent against Plaintiff." Now, instead of citing to the patent itself, Plaintiff cites to an email exchange between counsel. However, nowhere in the email exchange is there a threat from Snuggle Pet over the '292 Patent. Plaintiff's subjective belief does not create Article III jurisdiction. *Organic Seed*, 718 F.3d at 1355.

Tellingly, Plaintiff does not identify or attach any other letter, email, declaration[5], or other evidence demonstrating that Snuggle Pet threatened the Plaintiff with infringement of the '292 Patent. The complete lack of any support demonstrates that Snuggle Pet did not threaten infringement of the '292 Patent. This makes sense since, as discussed above, the Plaintiff's current product does not contain a "speaker element" which simulates the noise of an animal breathing. Since it does not contain these elements, Snuggle Pet has never asserted the '292 Patent against Plaintiff.

Snuggle Pet's lack of enforcement of the '292 Patent against Plaintiff is further demonstrated by the report Snuggle Pet submitted to Amazon. The report did **not** contain the '292 Patent, but rather a Chinese patent. If Snuggle Pet believed the '292 Patent was being infringed by Plaintiff, it would have submitted it to Amazon. It did not. Plaintiff's subjective beliefs do not give rise to declaratory judgment jurisdiction. *Organic Seed*, 718 F.3d at 1355. As such, Counts I-III should be dismissed.

## B. <u>Individual Defendants Emery and Bakke Have No Ownership Interest in the '292 Patent</u>

As discussed in detail above, jurisdiction under the Declaratory Judgment Act, 28

---

[5] The February 26, 2020 McPherson Declaration attached to the First Amended Complaint is silent as to the '292 Patent. (Dkt. #23-1)

U.S.C. §2201 does not exist where a defendant has no legal interest in the patent-in-suit. *Fina Research*, 141 F.3d at 1481. In the instant case, individual Defendants Emery and Bakke do not have any ownership interest in the '292 Patent[6]. As such, this Court does not have jurisdiction over these two individuals under §2201 of the Declaratory Judgment Act. For this additional reason, Counts I-III should be dismissed.

## V. COUNT X: NO UNDERLYING TORT SUPPORTS PLAINTIFF'S NEW CONSPIRACY CLAIM

A cause of action for civil conspiracy should be dismissed where the allegations are conclusory and vague. *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345 (S.D. Fla. 2018) (dismissing conspiracy claim on motion to dismiss and stating that a complaint will be dismissed where the allegations are conclusory and vague); *Twombly*, 550 U.S. 544 at 545. (A plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss). Moreover, a civil conspiracy requires an actionable underlying tort. *Honig*, 339 F. Supp. 3d at 1345.

Plaintiff's Count X is the definition of conclusory and vague. It is simply a laundry list of alleged misdeeds with absolutely no supporting factual allegations. For this reason alone, the Count X should be dismissed. *Honig*, 339 F. Supp. 3d at 1345 (stating that "allegations that the co-conspirators were engaged in the same scheme alone, are insufficient to state a claim for civil conspiracy.") (internal quotations omitted)

---

[6] As discussed above, Plaintiff's shotgun pleading improperly lumps all of the Defendants together.

Moreover, there is no actionable underlying tort. "Destroying Plaintiff's business" and "interference with Plaintiff's business" are not actionable torts[7]. (Am. Compl. ¶296) For these reasons, Count X should be dismissed.

## VI. COUNT XI: THE DEFAMATION CLAIM FAILS TO STATE A CLAIM

### A. The Defamation Claim is Preempted by Federal Patent Law

Plaintiff's defamation claim in Count XI is preempted by Federal patent law and should be dismissed. "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed.Cir.2004). "A plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." *Id.* at 1377; *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed.Cir.1998).

The defamation allegations contained in the First Amended Complaint, paragraphs 301 to 315, are directed to an infringement report that Snuggle Pet submitted to Amazon. As acknowledged in the First Amended Complaint, the patent number submitted with that report is a Chinese patent owned by Snuggle Pet and which covers the Plaintiff's product. See Am. Compl., ¶302. Nowhere in the First Amended Complaint are facts alleging that Snuggle Pet's assertion of this patent via Amazon's own private enforcement mechanism for products sold world-wide by Amazon was objectively baseless. Plaintiff's defamation claim is,

---

[7] To the extent the bare reference to "defame Plaintiff" is an underlying tort, as discussed *infra* since Plaintiff's defamation cause of action fails, so too does any conspiracy based upon defamation.

therefore, preempted by Federal patent law and should be dismissed. *See*, *Globetrotter*, 362 F.3d at 1374.

Moreover, as discussed in Sect. IX *infra*, it would be improper for this Court to assert jurisdiction over a foreign patent. *See Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007). For this additional reason, Count XI should be dismissed.

### B.     Plaintiff's Defamation Claim is Not Properly Plead

Even if Plaintiff's defamation claim is not preempted by Federal law, the Plaintiff has failed to properly plead its defamation *per se* claim, and the claim should therefore be dismissed. In order to properly plead defamation *per se*, Plaintiff must present more than mere subjective opinions to this Court regarding what the Defendants allegedly said or wrote about Plaintiff.

"Per se defamatory statements are so obviously defamatory and damaging to [one's] reputation that they give[ ] rise to an absolute presumption both of malice and damage." *Bernath v. Seavey,* No. 2:15-CV-358-FTM-99CM, 2017 WL 3268481, at *7 (M.D. Fla. May 18, 2017). In *Bernath* the Court granted summary judgment to both defendants on their individual motions for summary judgment concerning multiple claims, including defamation *per se*. The Court held that both the complaint and response to defendant's motion "[were] a combination of disjointed narrative and conclusory statements with a lack of evidentiary support." *Id.* at *8.

Similarly, in *Del Fuoco v. O'Neill*, No. 8:09-CV-1262-T-27MAP, 2011 WL 601645, at *5 (M.D. Fla. Feb. 11, 2011), the Court granted defendant's motion to dismiss plaintiff's complaint which included a claim of defamation *per se.* The complaint included plaintiff's

opinion that defendant's statements satisfied the elements of defamation *per se*, but the Court disagreed. The Court instead found that "[w]here the statement alleged to be defamatory cannot possibly have a defamatory or harmful effect, the court is justified in ... dismissing the complaint for failure to state a cause of action…" *Id.* (quotation omitted). The Court ultimately held that plaintiff's allegations "[did] not constitute defamation *per se* under Florida law" because "[p]laintiff's spin on what [defendant's] statements implied or suggested [was] not determinative." *Id.* at *7.

In the current case, the First Amended Complaint fails to specifically enumerate the allegedly defamatory statements by Defendants. Further, what little the First Amended Complaint does say cannot possibly be said to have a defamatory or harmful effect. As discussed above, Snuggle Pet submitted an infringement claim to Amazon regarding a patent it owns. Plaintiff does nothing more than plead the empty "labels and conclusions" that was found insufficient to withstand a motion to dismiss in *Twombly*. *Twombly*, 550 U.S. 544 at 545. (A plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss). Plaintiff's subjective belief that Snuggle Pet was asserting expired patents (when it was not) is, on its own, immaterial. Plaintiff has failed to allege facts to support its claims, and its personal spin on Snuggle Pet's actions is insufficient to satisfy the pleading requirements. Count XI should be dismissed.

## VII.    COUNTS IX AND XII ARE PREEMPTED BY FEDERAL PATENT LAW.

Similar to Plaintiff's defamation claim, the claims for tortious interference (Count IX) and Florida Deceptive and Unfair Trade Practices Act (Count XII) are preempted by Federal

Patent Law. "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed.Cir.2004). "A plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless." *Id.* at 1377; *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed.Cir.1998).

The allegations contained in the First Amended Complaint are directed to an infringement report that Snuggle Pet submitted to Amazon. As acknowledged in the First Amended Complaint, the patent number submitted with that report is a Chinese patent owned by Snuggle Pet Products which covers Plaintiff's product. *See* Am Compl., ¶302. Moreover, the review of Plaintiff's product posted on Amazon.com likewise relates to the Chinese patent owned by Snuggle Pet. Nowhere does the First Amended Complaint allege that Snuggle Pet's assertion of this patent via Amazon's own private enforcement mechanism for products sold world-wide by Amazon was objectively baseless as required by *Globetrotter*. Indeed, the First Amended Complaint does not even allege non-infringement of the Chinese patent. For this reason, Plaintiff's tortious interference and Florida Deceptive and Unfair Trade Practices Act are preempted by Federal Patent Law. *Globetrotter*, 362 F.3d at 1374.

Moreover, as discussed in Sect. IX *infra*, it would be improper for this Court to assert jurisdiction over Snuggle Pet Products' Chinese patent. *See Voda*, 476 F.3d 887. For this additional reason, Counts IX and XII should be dismissed.

## VIII.   COUNT XIII:  SHERMAN ANTI-TRUST ACT

Count XIII of Plaintiff's First Amended Complaint alleges that Defendants conspired to decrease its sales in violation of section 1 of the Sherman Act, 15 U.S.C. § 1, when Defendants' allegedly asserted (1) Defendant Snuggle Pet's  valid '292 Patent, and (2) two expired patents never owned by any of the Defendants. *See* Am. Compl., ¶¶ 325-335. Plaintiff's antitrust claims fail.

Enforcement of Defendant Snuggle Pet's '292 Patent is exempted from the antitrust laws, even if it is determined Plaintiff's product does not violate the patent[8]. *See Unitherm Food Sys. V. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1356 (Fed. Cir. 2004) ("As a general rule, behavior conforming to the patent laws oriented towards procuring or enforcing a patent enjoys immunity from the antitrust laws."), *rev'd on other grounds*, 546 U.S. 394 (2006); *Schering-Plough Corp. v. F.T.C.*, 402 F.3d 1056, 1066-1067 (11th  Cir. 2005). Plaintiff has alleged nothing more than that Defendant Snuggle Pet lawfully sought to enforce the rights granted to it under the patent laws, which conduct is immunized from the antitrust laws.

As for the two admittedly expired patents, Plaintiff has not sufficiently alleged the elements of an antitrust conspiracy claim. "Section 1 of the Sherman Act . . . reaches unreasonable restraints of trade effected by a 'contract, combination . . . or conspiracy' between separate entities. It does not reach conduct that is 'wholly unilateral.'" *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 767-68 (1984). Plaintiff must also allege "(1) the anticompetitive effect of the defendant's conduct on the relevant market, and (2) that

---

[8] As discussed in Sect IV *supra*, the Court should decline to assert Declaratory Judgment Jurisdiction over the '292 Patent in the first instance.

the defendant's conduct has no pro-competitive benefit or justification." *Spanish Broad. Sys. of Fla. Inc. v. Clear Channel Commc'n., Inc.*, 376 F.3d 1065, 1071 (11th Cir. 2004) (quoting *Levine v. Cent. Fla. Med. Affiliates, Inc.*, 72 F.3d 1538, 1551 (11th Cir. 1996)).

Plaintiff's conclusory allegations that a conspiracy exists cannot survive a motion to dismiss. Plaintiff alleges "upon information and belief" that "at least one Defendant conspired with another Defendant or with a non-party to perform an act or acts." *See* Complaint, ¶322. No other allegation exists anywhere in the First Amended Complaint about this alleged "non-party." This is not enough to establish the non-party and Defendants had a conscious commitment to a common scheme designed to achieve an unlawful objective. *See Twombly*, 550 U.S. at 556 ("[A] conclusory allegation of agreement at some unidentified point does not supply the facts adequate to show illegality."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Quality Auto Painting Center of Roselle Inc. v. State Farm Indemnity Company*, 917 F.3d 1249, 1268 (11th Cir. 2019) (alleging the defendants engaged in similar tactics is not enough to allege a conspiracy). The First Amended Complaint contains no allegations plausibly suggesting an agreement exists. *See Twombly*, 550 U.S. at 557.

Even if the "non-party" is disregarded, Plaintiff's First Amended Complaint still cannot survive a motion to dismiss. Officers, directors, employees, representatives, and agents of a corporation cannot conspire with their corporate employer. *Spanish Broad.*, 376 F.3d at 1071 ("Section One . . . does not cover unilateral conduct"); *Nelson Radio & Supply Co. v. Motorola,* 200 F.2d 911, 914 (5th Cir. 1952); *see also,*

*America,* 677 F.2d 946, 953 (2d Cir. 1982), *cert. denied,* 459 U.S. 1007, 103 S.Ct. 362, 74 L.Ed.2d 398. Plaintiff has only alleged a conspiracy between Defendant Snuggle Pet, its manger-member Defendant Emery, its employee Defendant Bakke, and DOE 1, who Plaintiff allegedly believes to be either Defendant Emery or Defendant Bakke. *See* Am. Compl., ¶¶66-67, 159. Because Defendant Snuggle Pet cannot conspire with itself to violate the antitrust laws, Count XV must be dismissed.

Plaintiff's antitrust claim fails for other reasons. Plaintiff has not pled an anticompetitive effect on the market or competition. Instead, Plaintiff has alleged only harm to itself as a competitor of Defendant Snuggle Pet, without identifying any harm to consumers or the market, such as increased pricing or decreases in the overall market output. *See* Am.Compl., ¶¶8, 155, 180, 189, 195, 202-204, 207. The antitrust laws were not designed to protect a single competitor like Plaintiff. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 459 (1993); *Spanish Broad.*, 376 F.3d at 1072 ("although [plaintiff] may have alleged 'unfair' competitive practices, it did not adequately allege actual harm to competition"); *Aquatherm Industries v. Florida Power & Light Co.*, 145 F.3d 1258, 1263 (11th Cir. 1998) ("damage to a single competitor, even as a result of deliberate misinformation, does not state a claim under Section One of the Sherman Act.").

Nor has Plaintiff sufficiently alleged a relevant geographical and product market in which the alleged harm occurred. *See Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1337 (2010). To define a market, Plaintiff needed to identify the "producers that provide customers of a defendant firm (or firms) with alternative sources for the defendant's product or services." *Jacobs*, 626 F.3d at 1337. In other words, Plaintiff needed to identify the

products that compete with Defendant Snuggle Pet, or to allege plausibly that no other products compete. At most, Plaintiff alleged a "market for a certain category of puppies on Amazon" that covers the United States and Canada. *See* First Amended Complaint, ¶¶2, 200.) This is not enough and the First Amended Complaint should be dismissed. *See Jacobs*, 626 F.3d at 1337-1338 ("The complaint provides no factual allegations of the cross-elasticity of demand or other indications of price sensitivity that would indicate whether consumers treat visco-elastic foam mattresses differently than they do mattresses in general.")

## IX.    COUNT XIV:  PATENT MISUSE

The doctrine of patent misuse is a **<u>defense</u>** to patent infringement which states that a patentee may exploit his patent but may not use it to acquire a monopoly not embraced in the patent. *Princo Corp. v. International Trade Com'n*, 616 F.3d 1318, 1327 (Fed. Cir. 2010) (stating that "the Supreme Court established the basic rule of patent misuse: that the patentee may exploit his patent but may not use it to acquire a monopoly not embraced in the patent.")(quotations omitted).    Patent misuse is **<u>the patentee's</u>** act of impermissibly broadening the scope of the patentee's patent grant.  *Id.* at 1328 ("[W]e have characterized patent misuse as the **<u>patentee's act</u>** of "impermissibly broaden [ing] the 'physical or temporal scope' of the patent grant with anticompetitive effect.") *citing  Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed.Cir.1986) (emphasis added).

Patent misuse is a narrow non-statutory **<u>defense</u>** to claims of patent infringement.  *Id.* at 1321.  Importantly, "[b]ecause patent misuse is a judge-made doctrine that is in derogation of statutory patent rights against infringement, this court has not applied the doctrine of patent misuse expansively."  *Id.*

Plaintiff alleges that certain conduct by Defendant Bakke[9] somehow constitutes patent misuse. However, nowhere in the First Amended Complaint does the Plaintiff allege *how* Defendant Bakke impermissibly broadened the scope of a patent as required by the Federal Circuit. *Princo*, 616 F.3d at 1327 (stating that patent misuse is the patentee's act of impermissibly broadening the scope of a patent with anticompetitive effect.) Identifying how Defendant Bakke purportedly broadened the scope of a patent is central to a patent misuse claim yet is again completely missing from the First Amended Complaint. For this reason alone, Count XIV should be dismissed.

Moreover, and as discussed in detail above, the patent identified in Count XIV is not owned by Defendant Bakke. Patent misuse is the <u>patentee's</u> attempt to impermissibly broaden the scope of its patent. *Princo*, 616 F.3d at 1327 (stating that patent misuse is the patentee's act of impermissibly broadening the scope of a patent.) Mr. Bakke is not the patentee of patent 544522. For this additional reason, Count XIV should be dismissed.

The First Amended Complaint also ties the Snuggle Pet's Chinese patent to its patent misuse claim. *See* Am. Compl, ¶¶340, 344. This claim would require the Court to determine the scope of a foreign patent and then determine whether it has been improperly broadened. Such an analysis of a foreign patent is contrary to Federal Circuit case law which makes clear that exercising jurisdiction over a foreign patent is almost always improper. *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007); *Lotes Co., Ltd. v. Hon Hai Precision Industry Co., Ltd.*, No. C 11-01036 JSW, 2011 WL 13152817, at *3 (N.D. Cal. July 14, 2011) ("The Federal Circuit made clear in *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007), that it is

---

[9] Defendant Bakke concurrently filed a Motion to Dismiss for lack of personal jurisdiction.

almost always an abuse of discretion to use that supplemental power to deal with infringement claims involving foreign patents.... A fair reading of *Voda* suggests that the Federal Circuit expects supplemental jurisdiction to be declined over foreign patents in all but the rarest of cases.")(internal quotations omitted).  In the instant case, the Court should decline exercising jurisdiction over Snuggle Pet Product's foreign patent.

## X.    <u>CONCLUSION</u>

For the above-mentioned reasons, Plaintiff's First Amended Complaint should be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2020, a true and accurate copy of the foregoing was electronically filed with the Court by using CM/ECF system, which will send a notice of electronic filing to: **James J. Claus, Esq.** (james.claus@onebox.com), 4516 NW 37th Terrace, Gainesville, Florida 32605; and **Jeffrey Thomas Breloski, Esq.** (jbreloski@ATLawip.com), ATLAW*IP* LLC, 2065 Compton Way, Johns Creek, Georgia 30022, ***Counsel for Wanna Play Products, Inc. d/b/a Amazon Storefront Calmeroos***.

*/s/ Richard E. Fee*
Richard E. Fee
Local Counsel
Florida Bar No. 813680
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
bszabo@feejeffries.com
*and*
Jeffrey M. Drake
Lead Counsel
(*Pro Hac Vice*)
MILLER CANFIELD
225 W. Washington, Suite 2600
Chicago, Illinois 60606
(312) 460-4200
(312) 460-4201 (Facsimile)
drake@millercanfield.com

***Counsel for Defendants,***
***Robert Emery, Jason Bakke, and***
***Snuggle Pet Products, LLC d/b/a***
***SmartPetLove***