UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANNA PLAY PRODUCTS INC.,

    Plaintiff,

v.                                                      Case No: 8:20-cv-443-T-36JSS

ROBERT EMERY, JASON BAKKE,
SNUGGLE PET PRODUCTS, LLC, and
DOE 1,

    Defendants.

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting]** | **December 11, 2020** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | **Both Parties have filed** |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | **December 18, 2020** |
| **Preliminary Infringement Contentions** [ Court recommends 1 month from above] | **January 18, 2021** |
| **Preliminary Invalidity Contentions** [Court recommends 1 month from above] | **February 15, 2021** |
| **Parties to Submit to each Other a List of Proposed Terms for Construction and Proposed Constructions** [Court recommends 1 month from above] | **March 15, 2021** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Parties to Submit to Each Other a List of Agreed Constructions, Chart of Intrinsic Evidence, and Identification of Any Extrinsic Evidence Including Expert or Other Witnesses** <br> [Court recommends 1 month from above] | **April 12, 2021** |
| **Parties to Submit Opening Claim Construction Briefs** [Court recommends 1 month from above] | **May 10, 2021** |
| **Parties to Submit Responses to Claim Construction Briefs** <br> [Court recommends 1 month from above] | **June 7, 2021** |
| **Claim Construction Hearing:** [Court to set, usually 1 month from above] | **July 5, 2021** |
| **Deadline to Serve Amended Infringement Contentions** [Court recommends 2 months from above] | **August 30, 2021** |
| **Deadline to Serve Amended Invalidity Contentions** [Court recommends 1 month from above] | **September 27, 2021** |
| **Disclosure of Expert Reports** <br> **Plaintiff's Opening Infringement and Damages Report and Defendant's Opening Invalidity Report and/or Inequitable Conduct Reports:** <br> [Court recommends 1 month from above] <br><br> **Plaintiff's and Defendant's Responsive Reports:** <br> [Court recommends 2 months from above] | **June 30, 2021** <br> **July 30, 2021** |
| **Discovery Deadline** <br> [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **September 2, 2021** |
| **Dispositive Motions,** *Daubert,* **and** *Markman* **Motions** [Court requires 5 months or more before trial term begins] | **October 7, 2021** |
| **Meeting** *In Person* **to Prepare Joint Final Pretrial Statement** <br> [14 days before Joint Final Pretrial Statement] | **January 10, 2022** |
| **Joint Final Pretrial Statement (***Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the | **January 24, 2022** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 3 weeks before Final Pretrial Conference] | |
| **All Other Motions Including Motions** *In Limine* **[Court recommends 3 weeks before Final Pre-trial Conference]** | **January 24, 2022** |
| **Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial]** | **February 14, 2022** |
| **Trial Briefs [Court recommends 2 weeks before Trial]** | **February 21, 2022** |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **March 7, 2022** |
| **Estimated Length of Trial [trial days]** | **5 days** |
| **Jury / Non-Jury** | **Jury** |
| Mediation Deadline: March 10, 2021<br><br>Mediator Name: James M. Matulis Esq.<br><br>Mediator Address: James M. Matulis Esq.<br>217 North Lois Avenue<br>Tampa, FL 33609-2232<br><br>Telephone: (813) 451-7347<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **March 10, 2021** |

| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br>No__X_<br><br>**Likely to Agree in Future** _____ |
|---|---|

Plaintiff filed a declaratory judgment action (Counts I-III) seeking a declaration of non-infringement and invalidity relating to U.S. Patent No. 10,314,292 owned by Defendant, Snuggle Pet Products. (D.I. 23, pp.76-78) However, as discussed in Defendant's Motion to Dismiss, there is no legal basis for Defendants to assert that Plaintiff's current products infringe the '292 Patent. (D.I. 26, pp. 10-13). Therefore, Defendants do not intend to serve the Infringement Contentions listed in the above chart.

**I.     Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on <u>October 23, 2020</u> (date) <u>3 pm</u> (time) at <u>telephonically</u> (place) and was attended by:

|           Name           |    Counsel for (if applicable)    |
|---|---|
| **Jeffrey Breloski** | **Plaintiff** |
| **Jeffrey Drake** | **Defendants** |
| **Richard Fee** | **Defendants** |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

**II.     Pre-Discovery Initial Disclosures of Core Information    Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __X__ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)  _on X_ by (check one) **December 11, 2020** (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced.

**Tagged Image File Format (TIFF) with a load file.**

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**Emails and other forms of electronic communication. The specification of topics and time period are to be determined.**

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**Metadata is sought.**

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**Plaintiff will search computers, electronic devices, and other data within its possession, custody and control.**

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**Plaintiff does not have information systems outside of its wife and husband's computers and electronic devices.**

**Defendants have ESI stored on email systems and servers.**

F. Any issues relating to preservation of discoverable ESI.

**Parties have no current issues.**

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under

the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

**Defendants propose a standard two-tier Confidentiality Agreement.**

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

**None currently.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):
___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

_X_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.  **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and

Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X____ Yes

_____ No                              Amended Certificate will be filed by

                                                              _____ (party) on or before

                                                               _____ (date).

**B.     Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**The Parties have no further agreements.**

**C.     Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties

each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.     Depositions

**The Parties agree that limitations beyond the Federal Rules of Civil Procedure and Local Rules are unnecessary.**

    2.     Interrogatories

**The Parties agree that limitations beyond the Federal Rules of Civil Procedure and Local Rules are unnecessary.**

    3.     Document Requests

**The Parties agree that limitations beyond the Federal Rules of Civil Procedure and Local Rules are unnecessary.**

    4.     Requests to Admit

**The Parties agree that limitations beyond the Federal Rules of Civil Procedure and Local Rules are unnecessary.**

    5.     Supplementation of Discovery

**The Parties agree that limitations beyond the Federal Rules of Civil Procedure and Local Rules are unnecessary.**

    **D.**     **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**The Parties have no further agreements.**

     E.     **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

     **The Parties have no further agreements.**

     F.     **Confidentiality Agreements** —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party

shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**Defendants propose a standard two-tier Confidentiality Agreement.**

G. **Other Matters Regarding Discovery —**

**The Parties have no further agreements.**

V. **Settlement and Alternative Dispute Resolution**.

A. **Settlement —**

The parties agree that settlement is

\_\_\_\_\_ likely __X__ unlikely            (check one)

The parties request a settlement conference before a United States Magistrate Judge.

\_\_\_\_\_ yes __X____ no_____            _____ likely to request in future _____

B. **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ yes __X____ no_____            _____ likely to request in future _____

_____ Binding            _____Non-Binding

C. **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The

list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

> D. **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

**The Parties have no further agreements.**

Date: **December 1, 2020**

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| | |
|---|---|
| **/s/ Jeffrey Thomas Breloski** | **/s/ Jeffrey M. Drake** |
| **Jeffrey Thomas Breloski** | **Jeffrey M. Drake** |
| ATLawip LLC | Miller Canfield |
| 1265 Stuart Ridge | 225 W. Washington St., Suite 2600 |
| Johns Creek, GA 30022 | Chicago, IL 60606 |
| 678.667.3491 | 312-460-4200 |
| Email: jbreloski@ATLawip.com | Fax: 312-460-4201 |
| | Email: drake@millercanfield.com |
| **James J. Claus** | **Richard Edson Fee** |
| James Claus, Attorney | Fee & Jeffries PA |
| 4516 NW 37th Terrace | 1227 N Franklin St |
| Gainseville, FL 32605 | Tampa, FL 33602-8002 |
| 352-575-8338 | 813/229-8008 |
| Fax: 888-814-2221 | Fax: 813/229-0046 |
| Email: james.claus@onebox.com | Email: rfee@feejeffries.com |