UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANNA PLAY PRODUCTS INC.,

    Plaintiff,

v.                                                                           Case No: 8:20-cv-443-CEH-JSS

ROBERT EMERY, JASON BAKKE,
SNUGGLE PET PRODUCTS, LLC
and DOE 1,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Compel Production of Documents. (Dkt. 36.) Upon consideration and for the reasons explained below, the Motion is granted.

## BACKGROUND

On February 26, 2020, Plaintiff filed its sixteen-count Complaint against Defendants alleging patent infringement and other claims in connection with Defendants' selling of a pet comforting product on Amazon that competes with a similar product sold by Plaintiff. (Dkt. 1.) On August 21, 2020, Plaintiff filed its Amended Complaint, asserting fourteen counts. (Dkt. 23.) On September 4, 2021, Defendants moved to dismiss the Amended Complaint. (Dkts. 25, 26.)

On November 30, 2020, Defendants served Plaintiff with their First Request for Production. (Dkt. 36-1 at 14.) On January 8, 2021, after obtaining an extension,

Plaintiff served its Response to Defendant's Request for Production. (Dkt. 36-2.) On January 27, 2021, Defendants filed the instant Motion, seeking to compel Plaintiff to respond to the First Request for Production. (Dkt. 36.)

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

Defendants filed their Motion to Compel on January 27, 2021. (Dkt. 36.) Despite the fact that Plaintiff's response was due within fourteen days after service of the Motion, Plaintiff has failed to respond. Consequently, the Court presumes Plaintiff has no objection to the Motion. *See* M.D. Fla. Local R. 3.01(b).

In addition, in responding to Plaintiff's First Request for Production, Plaintiff responded, without objection, that it would produce documents responsive to Requests Nos. 1, 2, 4, 8, 9, 10, 11, 14, 15, 25, 38 and 39. (Dkt. 36-2.) At the time

Defendants filed their Motion to Compel, Plaintiff had yet to furnish any responsive documents. (Dkt. 36 at 3.) Upon review, the Court finds that these Requests seek information that is relevant and proportional to the needs of the case. Accordingly, Plaintiff's Motion to Compel is granted as to Requests Nos. 1, 2, 4, 8, 9, 10, 11, 14, 15, 25, 38 and 39, and Plaintiff is directed to furnish all responsive discovery within its possession, custody, or control within fourteen days.

Regarding Requests Nos. 3, 28, 29, 30, 31, 32, and 36, Plaintiff raised an attorney-client privilege objection while stating that it would produce documents responsive to the requests. (Dkt. 36-2.) Upon review, the Court finds that these Requests seek information that is relevant and proportional to the needs of the case. Accordingly, Plaintiff's Motion to Compel is granted as to Requests Nos. Nos. 3, 28, 29, 30, 31, 32, and 36, and Plaintiff is directed to furnish all responsive discovery within its possession, custody, or control within fourteen days. Any documents withheld on the basis of privilege should be identified on a privilege log.

Regarding Requests Nos. 6, 7, 12, 13, and 40, Plaintiff objected to the extent that the requests seek production of confidential or proprietary information, documents, or trade secrets. (Dkt. 36-2.) Defendants note that they submitted a standard confidentiality agreement to Plaintiff addressing Plaintiff's confidentiality objections, but Plaintiff did not respond to the proposed confidentiality agreement. (Dkt. 36.) Plaintiff has not responded to Defendants' Motion to Compel, filed a motion for a protective order, entered into a confidentiality agreement with Defendants, or provided a privilege log. *See generally* Fed. R. Civ. P. 26 (stating that

"[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"). Upon review, the Court finds that Requests Nos. 6, 7, 12, 13, and 40 seek information that is relevant and proportional to the needs of the case. *See Moss v. Geico Indem. Co.*, 5:10–cv–104, 2012 WL 682450 *3 (M.D. Fla. Mar. 2, 2012) (overruling trade secret objection to discovery requests and noting that the court is "unaware of any statute, rule, or case authority for the proposition that documents are not discoverable simply because they contain confidential or sensitive information"). Accordingly, Plaintiff's objections are overruled, the parties are directed to enter a confidentiality agreement to facilitate the exchange of discovery within ten days, and Plaintiff is directed to furnish all responsive discovery within its possession, custody, or control within fourteen days.

Regarding Request No. 5, which sought documents relating to the basis for Plaintiff's damages calculations, Plaintiff objected on the basis that it may retain a non-testifying expert. (Dkt. 36 at 7–8.) Plaintiff's objection is overruled. The fact that Plaintiff may later retain a non-testifying expert, whose findings and opinions would not be subject to disclosure, does not provide a basis to withhold any responsive documents currently in Plaintiff's possession, custody, or control regarding its damages calculations.

Regarding Requests Nos. 18, 19, 21, 22, 23, 24, 26, and 27, Plaintiff objected on the basis that these requests require speculation or a legal conclusion while further responding that Plaintiff would produce documents responsive to these requests that are in its custody, care, or control. (Dkt. 36 at 8–11.) As previously noted, at the time Defendants filed their Motion to Compel, Plaintiff had not yet produced any responsive discovery. (Dkt. 36 at 3.) In addition, Plaintiff did not respond to Defendants' Motion to Compel. By responding that it would furnish responsive discovery subject to its objections, Plaintiff waived its objections. *See, e.g.*, *Miner, Ltd v. Keck*, No. 619CV722ORL41TBS, 2019 WL 2869063, at *2 (M.D. Fla. July 3, 2019) (noting that plaintiff waived objections to discovery by stating that it would provide responsive information "subject to" and "without waiving the foregoing objections"). In addition, upon review, the Court finds that these Requests seek information that is relevant and proportional to the needs of the case, and the Requests do not require speculation or call for legal conclusions. Accordingly, Plaintiff's objections are overruled, and Plaintiff is directed to furnish all responsive discovery within its possession, custody, or control within fourteen days.

Lastly, in Request Nos. 34 and 35, Defendants sought documents relating to any information that either supports or refutes any of the allegations in the Amended Complaint. (Dkt. 36 at 11–12.) Plaintiff objected to these requests as vague, unclear, overly broad, and unduly burdensome. However, because these requests are limited by reference to the First Amended Complaint, the Court finds that these requests seek information that is relevant and proportional to the needs of the case. In addition, the

Court does not find that these requests are vague or unclear. Accordingly, Plaintiff's objections are overruled, and Plaintiff is directed to furnish all responsive discovery within its possession custody, or control within fourteen days.

Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Compel Production of Documents (Dkt. 36) is **GRANTED**.

2. Plaintiff shall furnish its responsive discovery within fourteen (14) days of this Order.

3. The parties are directed to enter into a confidentiality agreement within ten (10) days of this order.

4. Defendants' request for attorney's fees pursuant to Rule 37(a)(5) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on March 12, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record